UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                                        :
UNITED STATES,                                      :
                               Plaintiff,        :           20 Civ. 11131 (LGS)
                                                        :
                   -against-                        :                  <u>ORDER</u>
                                                        :
PARFAIT MUTIMURA,                         :
                                        Defendant.    :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, Defendant pleaded guilty to charges of wire fraud and investment adviser fraud stemming from the theft of $580,000 from individuals' retirement accounts and personal savings.  On August 25, 2020, Defendant was sentenced to 63 months' incarceration.  The Government represents that Defendant's projected release date is January 11, 2025.

       WHEREAS, Defendant, proceeding *pro se*, filed letters seeking compassionate release to home confinement pursuant to 18 U.S.C. § 3582(c)(1)(A), noting the risks of COVID-19 at the Metropolitan Detention Center ("MDC") where he is housed and claiming he is at increased risk of complications from COVID-19 due to asthma, hypertension, chest pains, post-traumatic stress disorder ("PTSD") and anxiety.  The Government opposes.

**<u>Sentencing Factors Under Section 3553(a)</u>**

       WHEREAS, 18 U.S.C. § 3582(c)(1)(A) requires a court to consider the factors set forth in § 3553(a) in considering whether to reduce a term of imprisonment.  These factors include (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or

other correctional treatment in the most effective manner;" (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" (4) the sentencing guidelines; and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

WHEREAS, the factors set forth in § 3553(a) do not support a reduction in Defendant's 63-month sentence. The serious nature of the offense and the need for deterrence and non-recidivism remain unchanged. Granting Defendant's motion does not align with the "need for the sentence imposed . . . to reflect the seriousness of the offense and afford just punishment" and "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A)-(B); *see, e.g.*, *United States v. Haney*, 454 F. Supp. 3d 316, 324 (S.D.N.Y. 2020) (denying a defendant's motion for compassionate release where release would reduce a forty-two-month sentence to nine months).

**"Extraordinary and Compelling Reasons"**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A)(i) provides that a court "may reduce the term of imprisonment" if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The relevant Sentencing Commission Policy Statement, U.S.S.G. § 1B1.13 ("Policy Statement"), provides that a court may reduce a term of imprisonment if three conditions are met: (i) extraordinary and compelling reasons warrant the reduction, *id.* § 1B1.13(1)(A); (ii) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), *id.* § 1B1.13(2); and (iii) the reduction is consistent with this policy statement, *id.* § 1B1.13(3); *accord United States v. Gotti*, 433 F. Supp. 3d 613, 615 (S.D.N.Y. 2020). The Application Notes to the Policy Statement provide in relevant part that "extraordinary and compelling reasons" exist where the defendant "is suffering from a

serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, Application Note 1(A).

WHEREAS, Defendant bears the burden of proving that extraordinary and compelling reasons exist to justify his request for a sentence reduction. *United States v. Perez*, 451 F. Supp. 3d 288, 291 (S.D.N.Y. 2020). Because Defendant appears *pro se*, the Court has liberally interpreted his submissions "to raise the strongest arguments that they suggest." *Williams v. Annucci*, 895 F.3d 180, 187 (2d Cir. 2018).

WHEREAS, the Centers for Disease Control ("CDC") has stated that people of any age with certain underlying health conditions are at an increased risk of severe illness due to COVID-19. *See Coronavirus Disease 2019 (COVID-19): People Who Are At Higher Risk*, at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited Mar. 8, 2021) (the "CDC Guidance"). Courts have also recognized that individuals in confinement settings may be at a "heightened risk of contracting COVID-19." *United States v. Stephens*, 447 F. Supp. 3d 63, 65 (S.D.N.Y. 2020).

WHEREAS, Defendant has not demonstrated the requisite extraordinary and compelling circumstances that warrant compassionate release. Defendant is thirty-one years old and his motion for compassionate release identifies no medical condition that puts him at increased risk of severe illness from COVID-19. Defendant claims to suffer from asthma, hypertension, chest pains, PTSD and anxiety. Chest pains, PTSD and anxiety are not CDC-recognized risk factors for severe complications from COVID-19. Although the CDC states that moderate to severe asthma and pulmonary hypertension can increase a person's risk of severe health complications from COVID-19, Defendant's medical records show no instances of these conditions. Instead,

3

Defendant's medical records substantiate his good health and show that he has access to regular medical care.  Those records also show that Defendant tested positive for COVID-19 in January, denied having symptoms during that infection and recovered by February 1, 2021.  Defendant has not met his burden of demonstrating extraordinary and compelling circumstances based on any health condition.  *See Haney* 454 F. Supp. 3d at 323 (denying compassionate release for a 61-year-old inmate who was "in reasonably good health" aside from his age); *United States v. Nissen*, No. 17 Crim. 477, 2020 WL 2614825, at *3 (S.D.N.Y. May 22, 2020) (denying compassionate release where medical record did not corroborate claimed medical conditions).

WHEREAS, Defendant generally claims that his risk of COVID-19 infection is unduly high due to the number of cases and conditions of confinement at the MDC.  This argument is unpersuasive.  First, Defendant's medical history does not establish an extraordinary and compelling reason for release due to the risk of COVID-19, as discussed above.  Second, Defendant has regular access to effective medical care, as evidenced by his medical records.  Third, the MDC, like other Bureau of Prisons facilities, has implemented COVID-19 mitigation measures, including masks, social distancing and temperature-taking protocols.  *See* Bureau of Prisons, *BOP Modified Operations*, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited Mar. 9, 2021).  Fourth, Defendant has contracted and recovered from COVID-19 without exhibiting symptoms and is thus at a low risk of reinfection.  Considering this evidence, Defendant has not established that conditions at the MDC constitute an extraordinary and compelling justification for release.  It is hereby

**ORDERED** that Defendant's motion for compassionate release is denied.  The Clerk of Court is respectfully directed to mail a copy of this Order to *pro se* Defendant.

Dated: March 9, 2021
      New York, New York

4

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**