```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
   UNITED STATES OF AMERICA                                   :
                                                              :        19 Cr. 592 (LGS)
                        -against-                             :        20 Civ. 11131 (LGS)
                                                              :
   PARFAIT MUTIMURA,                                          :        ORDER
                                        Defendant.            :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

# BACKGROUND

WHEREAS, on August 25, 2020, Defendant pleaded guilty to charges of wire fraud and investment advisor fraud stemming from the theft of close to $580,000 from individuals' retirement accounts and personal savings. Defendant was sentenced to 63 months' incarceration.

WHEREAS, Defendant, proceeding *pro se*, filed a motion for compassionate release to home confinement pursuant to 18 U.S.C. § 3582(c)(1)(A) in February 2021, based on the risk of COVID-19 at the Metropolitan Detention Center ("MDC") where he is housed.

WHEREAS, by Order dated March 9, 2021, this Court denied Defendant's motion for compassionate release.

WHEREAS, on December 7, 2021, Defendant filed a motion for reconsideration of the Court's denial of compassionate release, which the Court construes as a successive motion for a sentence reduction.

WHEREAS, Defendant argues two grounds for finding extraordinary and compelling reasons to warrant a reduction of his sentence: (1) COVID-19, based on the emergence of new variants and Defendant's underlying health conditions, and (2) Defendant's mental health, including conditions of his incarceration that trigger post-traumatic stress disorder ("PTSD") and negative

side effects of psychiatric medication. Defendant submitted medical and other records in support of his motion. On December 17, 2021, the Government filed a response in opposition to the motion. Defendant submitted two letters in response, dated December 27, and December 28, 2021. Defendant submitted a supplemental affidavit in support of his motion, dated January 2, 2022, and a letter, dated January 6, 2022. On January 13, 2022, the Government filed a response to Defendant's supplemental filings, and submitted Defendant's updated B.O.P. medical records.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

WHEREAS, 18 U.S.C. § 3582(c)(1)(A) states,

> The court may not modify a term of imprisonment once it has been imposed, except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

WHEREAS, the parties do not dispute that Defendant has exhausted his administrative remedies as to his arguments related to COVID-19, and that the motion was filed properly.

## "EXTRAORDINARY AND COMPELLING REASONS"

WHEREAS, 18 U.S.C. § 3582(c)(1)(A)(i) provides that "the court . . . may reduce the term of imprisonment" only if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

WHEREAS, when assessing a motion for compassionate release brought by a defendant, district courts have the discretion "to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

WHEREAS, Defendant bears the burden of proving that extraordinary and compelling

reasons exist to justify his request for a sentence reduction. *See United States v. Perez*, 451 F. Supp. 3d 288, 291 (S.D.N.Y. 2020). Because Defendant filed his compassionate release motion *pro se*, his submission has been interpreted liberally "to raise the strongest arguments [it] suggest[s]." *Green v. Dep't of Educ. of City of New York*, 16 F.4th 1070, 1074 (2d Cir. 2021).

WHEREAS, Defendant is thirty-one years old and suffers from the following medical conditions: asthma, PTSD, depression, anxiety, a sleep disorder and latent tuberculosis.

WHEREAS, the Centers for Disease Control ("CDC") has stated that people of any age with certain underlying medical conditions are at an increased risk for severe illness from the virus that causes COVID-19. Courts have also recognized that individuals in confinement settings may be at a "heightened risk of contracting COVID-19." *United States v. Stephens*, 447 F. Supp. 3d 63, 65 (S.D.N.Y. 2020).

WHEREAS, Defendant has not demonstrated that the risk of contracting COVID-19 constitutes extraordinary and compelling circumstances warranting a sentence reduction. First, Defendant previously contracted COVID-19 in January 2021, denied having symptoms during that infection and recovered by February 1, 2021. Defendant again tested positive for COVID-19 on January 3, 2022, and was placed in COVID isolation. Though he reported symptoms including cough and pain with deep breaths on January 6, 2022, by January 9, 2022, he was asymptomatic. *See United States v. Blanco*, No. 16 Crim. 408, 2021 WL 706981, at *2 (S.D.N.Y. Feb. 22, 2021) (finding that once an inmate "ha[d] been diagnosed with the disease and weathered it, a sentence reduction based on the risk of contracting it no longer ma[de] sense," and noting that "reinfections are 'vanishingly rare'"). Second, although moderate to severe asthma and tuberculosis may increase a person's risk of severe health complications from COVID-19, Defendant's health records show no instances of these conditions. Instead, Defendant's health records show that these medical

conditions are being treated.  Though some courts in this circuit have granted compassionate release in cases where defendants had latent tuberculosis, most of those cases were decided prior to the COVID-19 vaccine becoming available, and/or involved defendants with additional, significant risk factors.  *See, e.g.*, *United States v. Dones*, No. 18 Crim. 246, 2021 WL 6063238 (D. Conn. Dec. 22, 2021) (granting compassionate release where defendant had many serious health conditions, including obesity, cirrhosis, a solitary kidney, shingles, liver disease and a kidney infection); *United States v. Spencer*, No. 4 Crim. 1156, 2020 WL 3893610 (S.D.N.Y. July 10, 2020) (granting compassionate release where defendant had hypertension, a congenital heart defect, chronic kidney disease and potentially Type 2 diabetes); *United States v. Mapp*, 467 F. Supp. 3d 63 (E.D.N.Y. 2020) (granting compassionate release where defendant suffered from a number of serious medical conditions, including an autoimmune disorder, hypothyroidism, hyperlipidemia and an enlarged prostate).  In contrast, many courts have declined to consider latent tuberculosis an extraordinary and compelling reason warranting a sentence reduction in light of the COVID-19 pandemic.  *See, e.g.*, *United States v. Cooper*, No. 16 Crim. 567-3, 2021 WL 4710803 (S.D.N.Y. Oct. 8, 2021) (concluding that defendant's age and medical conditions did not place him in a high-risk category identified by the CDC); *United States v. Walker*, No. 18 Crim. 146, 2021 WL 1146688 (S.D.N.Y. Mar. 25, 2021) (declining to find that defendant's health issues, which included latent tuberculosis, constituted extraordinary and compelling reasons to reduce his sentence); *United States v. Delorbe-Luna*, No. 18 Crim. 384, 2020 WL 7231060 (S.D.N.Y. Dec. 7, 2020) (denying compassionate release motion where defendant's only medical issue was latent tuberculosis, for which he refused prophylactic treatment, reported no symptoms or pain and was previously infected and recovered from COVID).  Aside from chest pains Defendant experienced during his most recent COVID-19 infection, which subsided within a few days, Defendant's medical records show that he has no

symptoms of tuberculosis, and his September 3, 2020 chest X-ray raised no concerns. Defendant's medical records show that he declined to treat his latent tuberculosis, though Defendant contends that medical staff decided not to treat him after learning he received treatment in the past when he had an active tuberculosis infection. *See United States v. Negron*, No. 11 Crim. 324-1, 2021 WL 3540240, at *1 (S.D.N.Y. Aug. 10, 2021) (denying compassionate release motion where defendant "declined the opportunity to reduce his risk exposure to COVID-19" by refusing the vaccine). Third, Defendant has received a vaccination for COVID-19, which has been shown to be effective at preventing serious cases of COVID-19. *See United States v. Kosic*, No. 18 Crim. 30, 2021 WL 1026498, at *2 (S.D.N.Y. Mar. 17, 2021) (denying compassionate release where Defendant had received the first dose of the Moderna vaccine and explaining that "courts in this circuit have found that vaccination mitigates the risk an inmate faces from COVID-19 to the point that his health conditions weighing in favor of release are no longer extraordinary and compelling"). Even with the emergence of variants, the vaccine is still highly effective at preventing death and serious injury, especially for individuals who have received a booster, which the B.O.P. has made available since October 2021. *See United States v. Jones*, No. 17 Cr. 214, 2021 WL 4120622, at *2 (S.D.N.Y. Sept. 9, 2021) ("[R]ecent data confirms that the COVID-19 vaccines dramatically reduce the risk of death or serious illness from the various variants of COVID-19, even the dreaded Delta Variant."); *Delta Variant: What we Know about the Science*, CENTERS FOR DISEASE CONTROL, https://www.cdc.gov/coronavirus/2019-ncov/variants/delta-variant.html (last visited Jan. 18, 2022) ("The COVID-19 vaccines approved or authorized in the United States are highly effective at preventing severe disease and death, including against the Delta variant."); *Omicron Variant: What You Need to Know*, CENTERS FOR DISEASE CONTROL, https://www.cdc.gov/coronavirus/2019-ncov/variants/omicron-variant.html (last visited Jan. 18, 2022) ("Current vaccines are expected to

protect against severe illness, hospitalizations, and deaths due to infection with the Omicron variant."); FEDERAL BUREAU OF PRISONS, COVID-19 VACCINE GUIDANCE (2021), https://www.bop.gov/resources/pdfs/covid_19_vaccine_guidance_v14_0_2021.pdf.

WHEREAS, Defendant states that he was denied access to medical care after experiencing COVID-19 symptoms, but his medical records show that he has been seen by medical staff on at least three occasions after testing positive for COVID-19.

WHEREAS, Defendant's mental health issues do not meet the extraordinary and compelling standard on this record. While the Court does not discount the significant consequences of poor mental health, the Defendant's medical records show that his conditions are being treated. Defendant has been regularly seen by prison mental health staff, including as recently as November 8, 2021, and the staff are actively managing his conditions, including by changing his prescriptions and teaching the Defendant exercises to manage his trauma. The medical records show that notwithstanding COVID-19 restrictions, Defendant has received regular mental health treatment, including, for instance, a clinical visit at his cell when the MDC was on lockdown. Defendant's reported side effects - - drowsiness, confusion and difficulty focusing - - are not severe enough to constitute extraordinary and compelling reasons warranting a sentence reduction and are being managed by prison medical staff, and Defendant's medical records show that he declined to change his regimen and is managing the side effects. It is hereby

**ORDERED** that Defendant's motion for compassionate release is **DENIED**. The Clerk of Court is respectfully directed to mail a copy of this Order to pro se Defendant and to close the motion at Docket No. 81.

Dated: January 24, 2022
    New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE